IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMONA GONZALEZ,<br><br>　　Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE MANAGEMENT LLC,<br><br>　　Defendant. | Case No.　1:18-cv-08201 |

## COMPLAINT

NOW COMES the Plaintiff, RAMONA GONZALEZ, through counsel, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, CREDENCE RESOURCE MANAGEMENT LLC, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. RAMONA GONZALEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. CREDENCE RESOURCE MANAGEMENT LLC ("Defendant") is a foreign limited liability company with a principal place of business in Southgate, Michigan.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Superior Air-Ground Ambulance Service Inc. ("Superior") provided ambulance transportation as well as related medical services to Plaintiff.

9. Plaintiff became obligated to Superior in amount of $1,676.00.

10. This $1,676.00 owed Superior is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Plaintiff failed to make payment to Superior.

12. Superior enlisted the assistance of Defendant to collect this debt.

13. On March 5, 2018, Plaintiff filed a Chapter 13 Voluntary Petition.

14. On April 27, 2018, Plaintiff filed a Notice of Conversion to Chapter 7.

15. On August 20, 2018, Plaintiff filed Amended Schedules.

16. On Plaintiff's Amended Schedule F, Plaintiff listed Defendant.

17. On August 23, 2018, Plaintiff was granted a discharge.

18. Notice of Plaintiff's discharge was mailed to Defendant on August 25, 2018.

19. On October 8, 2018, Defendant mailed Plaintiff a dunning letter.

20. The dunning letter included Plaintiff's $1,676.00 balance.

21. The dunning letter stated:

> Our Client, Superior Air-Ground Ambulance Service Inc., has authorized us to offer you the opportunity to resolve your account for less than the full balance. If you take advantage of this offer, you can resolve your account with Superior Air-Ground Ambulance Service Inc. for the amount of $1,340.80. This is a savings to you of $335.20. We are not obligated to renew this offer.

22. The dunning letter included a payment coupon with payment instructions.

23. The dunning letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24. The dunning letter conveys information regarding the amount owed to Plaintiff.

25. The dunning letter attempted to collect monies owed by Plaintiff to Superior.

26. By transmitting the dunning letter to Plaintiff, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

## CLAIMS FOR RELIEF

### Count I
### Violation of 15 U.S.C. § 1692 *et seq*.

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. §§ 1692e(2)(A) and e(10)

28. Section 1692e provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

(A) the character, amount, or legal status of any debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28. Section 524(a)(2) of the Bankruptcy Code "operates as an injunction against the the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).

29. A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is "false" in the sense that it asserts that money is due, although, because of the automatic stay or the discharge injunction, it is not. *Randolph v. IMBS, Inc*., 368 F.3d 726, 728 (7th Cir. 2004).

30. Defendant violated 15 U.S.C. §§ 1692 e(2), and e(10) by sending the dunning letter as this Superior debt was protected by the discharge injunction.

31. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

December 14, 2018                                              Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Ramona Gonzalez*